ALI YAZBEK *vs.* BOARD OF APPEAL ON MOTOR VEHICLE LIABILITY POLICIES AND BONDS (and a companion case[1] ). No. 94-P-1331. September 20, 1996. *Board of Appeal on Motor Vehicle Liability Policies and Bonds. Motor Vehicle, Insurance, Motor vehicle insurance.*

These cases arise from motor vehicle collisions that occurred in 1992 and resulted in the imposition of merit rating surcharges on two of the insured owners of the vehicles by their insurers under G. L. c. 175, § 113B. The insureds appealed, pursuant to G. L. c. 175, § 113P, to the Board of Appeal on Motor Vehicle Liability Policies and Bonds ("board") which upheld the surcharges after hearings. See 211 Code Mass. Regs. § 88.03 (1986).[2] Both insureds filed complaints for judicial review under G. L. c. 30A, § 14. In two substantially identical rulings, the cases were remanded to the board by a Superior Court judge who determined that the board erred as matter of law in its treatment of regulatory presumption of fault standards. The board appeals, denying error and claiming its decisions properly were supported by substantial evidence. We agree with the board, reverse the Superior Court judgments, and affirm the board's decisions.

Embodied in the board's regulations establishing standards of fault to be used in determining the application of surcharges are several rebuttable presumptions. See *DiLoreto* v. *Fireman's Fund Ins. Co.,* 383 Mass. 243, 249 (1981) (The board may use its expertise in the determination of relative degrees of fault "in establishing presumptions 'to serve sound social and economic policy through this method of controlling some of the procedural incidents of proof making.' K. B. Hughes, Evidence § 42, at 48 [1961]"). The applicable regulations set forth operational situations in which fault is presumed to be in excess of fifty percent for the purpose of adjusting insurance rates and premiums. Involved in the present cases are regulations dealing with a vehicle that collides with another vehicle while making a left turn into the path of oncoming traffic and a vehicle whose operator fails to proceed with due caution from a stop sign. 211 Code Mass. Regs, § 74.04(8) and (15) (1986). Section 74.03, in force at the time of the accidents and the board hearings, provided that "[t]he presumptions . . . shall be considered determinative unless a showing to the contrary is demonstrated by the evidence presented" at the hearing before the board.[3]

In each of these cases the insured testified and the board in its decision stated that it "weighed the credibility of the [insured] as a witness against the evidentiary presumptions." The judge apparently applied the "bursting bubble" theory of presumptions generally favored by our cases,[4] and concluded that when *any* contrary evidence is presented to the board, the

---

[1]Charles A. Smith *vs.* Board of Appeal on Motor Vehicle Liability Policies and Bonds (No. 94-P-1932). Consolidation of these two cases was allowed in this court on motion of the board.

[2]We cite to the regulations in effect at the time these cases were heard in 1993.

[3]Effective on July 1, 1995, § 74.03 provides: "The presumptions . . . shall be considered determinative unless and until the operator overcomes the presumption by producing sufficient evidence at an initial review or hearing held in accordance with the rules of the Board."

[4]Under this theory, if evidence rebutting the presumption-dependent factual conclusion is introduced, the presumption disappears and the fact finder is left to decide whether that conclusion is to be inferred from the basic fact upon which the

otherwise applicable presumption disappears, and is not available to be weighed against the credibility of an insured. In the cases before us, however, the wording of the regulation itself requires not merely the introduction of some contradictory evidence in order to overcome the presumption, but rather that a "showing" contrary to the presumption be "demonstrated." See *DiLoreto* v. *Fireman's Fund Ins. Co., supra* at 244-245 & 249 n.5, in which the court upheld the use of a presumption under 211 Code Mass. Regs. §§ 74.03 and 74.04, notwithstanding that the only evidence before the board was the insured's testimony attributing inattention and unsafe speed to the operator of the other vehicle in the collision. See also *Goddu's Case,* 323 Mass. 397, 401 (1948), and *Lapinsky's Case,* 325 Mass. 13, 16-17 (1949), in which a statutory presumption has been permitted to survive contradictory evidence where the statute called for substantial rebutting evidence.

We conclude not only that the board did not commit error of law, but also that there was substantial evidence to support its decision. See G. L. c. 30A, § 14(7); *DiLoreto* v. *Fireman's Fund Ins. Co., supra* at 249 n.5 ("Since we uphold the presumption, we disagree with [the] contention that the board's decision was not supported by substantial evidence"). It was within the board's discretion to disbelieve the insureds' versions of the collisions, see *Embers of Salisbury, Inc.* v. *Alcoholic Bev. Control Commn.,* 401 Mass. 526, 529 (1988), in which event the presumption was to be given "determinative" effect. Accordingly, we reverse the judgments of the Superior Court and affirm the decisions of the board.

*So ordered.*

*Macy Lee,* Assistant Attorney General, for the Board of Appeal on Motor Vehicle Liability Policies and Bonds.

*Brian T. O'Neill* for Charles A. Smith.


presumption was dependent, or whether to credit the rebuttal evidence. See Hughes, Evidence § 44 (Supp. 1993). See also Liacos, Massachusetts Evidence § 5.8.5 (6th ed. 1994 and Supp. 1995); IX Wigmore, Evidence §§ 2493a & 2493g (Chadbourn rev. 1981 & Supp. 1996). For a discussion of the academic debate attending the application of presumptions, see Hecht & Pinzler, Rebutting Presumptions: Order Out of Chaos, 58 B.U.L. Rev. 527 (1978).