ROSEMARIE PRESCOTT vs. BOARD OF APPEAL ON MOTOR
VEHICLE LIABILITY POLICIES AND BONDS & another.[1]

No. 95-P-1994.

Plymouth. December 10, 1996. - January 10, 1997.

Present: DREBEN, IRELAND, & LENK, JJ.

*Insurance,* Motor vehicle insurance, Surcharge. *Evidence,* Accident report.

No substantial evidence supported a decision of the Board of Appeal on
    Motor Vehicle Liability Policies and Bonds upholding an insurance
    company's assessment of a surcharge on a policy holder's automobile in-
    surance policy based on the policy holder's alleged responsibility for a
    motor vehicle accident. [37-39]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 13, 1995.

The case was heard by *Robert L. Steadman,* J.

*Benjamin Robbins,* Assistant Attorney General, for the
Board of Appeal on Motor Vehicle Liability Policies and
Bonds & another.

DREBEN, J. After an automobile accident, Rosemarie Pres-
cott's insurer, Middlesex Insurance Company, sent her a sur-
charge notice stating that it had determined that she was
more than fifty percent at fault in the accident, and that, as a
consequence, her automobile insurance premium would be
increased on her next renewal. The Board of Appeal on Mo-
tor Vehicle Liability Policies and Bonds (board) upheld the
surcharge, but on Prescott's appeal under G. L. c. 175,
§ 113P, a Superior Court judge determined that the board's
decision was "unsupported by substantial evidence." G. L.
c. 30A, § 14. We affirm.

1. The board's decision sets forth the following facts:

"Appellant Rose Marie Prescott submitted written

[1]Middlesex Insurance Company.

42 Mass. App. Ct. 36            37

Prescott v. Board of Appeal on Motor Vehicle Liability Policies & Bonds.

testimony that on September 22, 1993 appellant was involved in a motor vehicle accident at approximately 11:55 PM. The accident location was on West Elm Street at the intersection with West Street in Brockton, Massachusetts. The weather was not a factor. The basis of appellant Rose [M]arie Prescott's appeal was that the claimant was drunk, speeding and had no license at the time of the collision. The collision occurred as the appellant entered the intersection from a stop sign on West Elm St. The police report does state the claimant operator was driving after suspension, but does not indicate any other violation as alleged by the appellant. The appellant was cited for a stop sign violation, appealed this citation and was found not responsible at a magistrate hearing. (See Addendum A)."[2]

Noting that its decision was in accordance with 211 Code Mass. Regs. § 74.04(08) (1986), set forth in the margin,[3] the board determined that "ample evidence supports the Board's conclusion that [Prescott] did not use due caution when proceeding through a stop sign into the path of the approaching vehicle."

We agree with the judge that that conclusion is not supported by substantial evidence. " 'Substantial evidence' means such evidence as a reasonable mind might accept as adequate to support a conclusion." G. L. c. 30A, § 1(6), inserted by St. 1954, c..681, § 1. The only evidence in the record consists of Prescott's accident report filed with the Registrar of Motor Vehicles, her statement which she authorized to be used in

---

[2]Addendum A is a legal memorandum stating that since the insurer was not a party to those court proceedings, it is not bound by the decision.

[3]"*Failure to proceed with due caution from a traffic control signal or sign.* An operator of a vehicle subject to the Safe Driver Insurance Plan who fails to obey a traffic control signal or sign or fails to proceed with caution therefrom; and whose vehicle is in collision with another vehicle shall be presumed to be at fault in excess of 50%."

The foregoing regulation was issued pursuant to G. L. c. 175, § 113B, as appearing in St. 1984, c. 189, § 140, which requires the commissioner of insurance to "establish a safe driver insurance plan to equitably reflect the driving records of insureds. Such plan shall reflect an adjustment of insurance premium based on at-fault accidents, convictions of moving violations of motor vehicle laws . . . or any combination thereof . . . ."

place of her personal appearance, a police report, and the determination of "no responsibility" by the Brockton District Court. The accident report, if any, of the other driver is not included in the record.

Prescott's material, not surprisingly, placed the blame on the other driver who, she claimed, was speeding.[4] The police report is not to the contrary and merely states:

> "[Cit] D1095781 to #1 for oper. aft. susp. She stated #2 just pulled out in front of her. Cit. #D0333000 was issued to #2. She stated she stopped at sign and was edging out when #1 who was speeding hit her."

Both the police report and the plaintiff's accident report indicate that the damage was to the front end of the plaintiff's car and to the front right, right side, and right rear tire of the other car.

The only evidence from which the board could reach its conclusion that the plaintiff either failed to obey the stop sign or "fail[ed] to proceed with caution therefrom" were the fact that an accident had occurred, the extent and location of the damage to the vehicles, and operator #2's statement to the police that the plaintiff "just pulled out in front of [me]." The mere fact of an accident does not show lack of caution; similarly, the area of damage to the cars does not indicate

---

[4]In her accident report Prescott wrote: "Prescott car #1 approached stop sign cautiously and after stopping proceeded cautiously when . . . car #2 came speeding down West Street and I applied my brakes to prevent her from killing me at 60 mph. She was drunk driving to endanger. Her license had been suspended and was not driving with one. They handcuffed her and [illegible] her."

Her written statement substituting for her personal appearance before the board stated that her car was stopped when hit. The driver of the other car "hit my car going 50 to 60 miles an hour in a school zone area marked 20 mph. She totaled my car and was found driving without a license that had been suspended by the Commonwealth of Mass. She was arrested for drunk driving at this time."

The board argues that Prescott's statement that she was stopped when hit was inconsistent with the reason she gave when she appealed to the board from her insurer's surcharge decision. In the "appeal form" she wrote, the driver "was going 50 to 60 mph and after I stopped and proceeded she totaled my car and was arrested . . . ." We see no inconsistency as Prescott obviously applied her brakes. In any event, disbelief of her testimony is not affirmative evidence that she failed to exercise caution.

Prescott *v.* Board of Appeal on Motor Vehicle Liability Policies & Bonds.

lack of caution without reference to the conditions of visibility and the speed of the other car. Operator #2's statement to the police does not deny she was speeding or even indicate that car #1 pulled out precipitously.

Unlike the regulations involved in *DiLoreto* v. *Fireman's Fund Ins. Co.,* 383 Mass. 243, 244-245 n.3 (1981),[5] and one of the regulations[6] discussed in *Yazbek* v. *Board of Appeal on Motor Vehicle Liability Policies & Bonds,* 41 Mass. App. Ct. 915 (1996),[7] where specific facts, e.g., the opening or closing of a door or the making of a left turn, triggered the presumption of more than fifty percent fault, here, there first must be a finding that the plaintiff failed to stop or failed to proceed with caution, before any presumption takes effect. There was no "substantial evidence" to show such a failure.

2. We comment on a disturbing circumstance. Although the Commonwealth received a "Pre-Trial Conference Notice" dated August 16, 1995, setting forth that "[a]ll trial counsel are required to attend," an assistant attorney general[8] wrote to the court that he did not intend to appear because the matter involved an administrative appeal. The trial judge found:

> "The case was assigned for a pretrial conference on August 22, 1995. The plaintiff appeared and waited all afternoon for the attorneys for the defendant to appear. A letter from the Assistant Attorney General of August 20, 1995, received on August 22, 1995, informed the

[5]Title 211 Code Mass. Regs. § 74.04(18) (1978). *"Vehicle Doors Opened, Opening, or Closing.* An operator of a vehicle subject to merit rating whose door or doors are opened, opening, or closing, thereby resulting in a collision shall be presumed to be at fault in excess of 50%."

[6]Title 211 Code Mass. Regs. § 74.04(15) (1986). *"Collision while making left turn or U-turn across the path of travel of oncoming vehicle.* An operator of a vehicle subject to the Safe Driver Insurance Plan, while making a legal or illegal U-turn across the path of travel of a vehicle moving in the opposite direction or while making a left turn across the path of travel of a vehicle moving in the opposite direction, and is in collision with such vehicle shall be presumed to be at fault in excess of 50%."

[7]Although 211 Code Mass. Regs. § 74.04(8) (1986), the regulation now at issue, was also involved in the *Yazbek* case, an examination of the record in that case reveals not only that the evidence implicating the insured was significantly stronger, but also that the focus of the appeal was the manner in which the presumption was to be applied.

[8]Not the assistant attorney general prosecuting this appeal.

court that counsel did not intend to appear but submitted a memorandum instead. The plaintiff was prepared and anxious to go forward."

It is unfortunate that it is necessary for this court to remind the office of the Attorney General that it is not open to it to decide whether to attend a compulsory conference ordered by a court and that permission from the court is required to relieve it from that duty.[9]

*Judgment affirmed.*

---

[9]The judge in his opinion stated that he had considered the defendant's memorandum in arriving at his decision. Without any affidavit, but just relying on a statement in the assistant attorney general's August 20, 1995 letter, the assistant attorney general filing this appeal argues that the judge's statement is wrong because the memorandum was not before the judge. The assistant attorney general has not correctly established the necessary record upon which to predicate this claim. In any event, the failure to consider a memorandum of law does not constitute an abuse of discretion.