766           46 Mass. App. Ct. 766 (1999)

Nercessian *v.* Board of Appeal on Motor Vehicle Liability Policies & Bonds.

## BERJ NERCESSIAN *vs.* BOARD OF APPEAL ON MOTOR VEHICLE LIABILITY POLICIES & BONDS & another.[1]

No. 97-P-1645.

Suffolk. November 13, 1998. - May 14, 1999.

Present: LAURENCE, DREBEN, & LENK, JJ.

*Board of Appeal on Motor Vehicle Liability Policies and Bonds. Motor Vehicle,* Board of Appeal on Motor Vehicle Liability Policies and Bonds, Insurance. *Insurance,* Motor vehicle insurance, Surcharge. *Statute,* Construction. *Administrative Law,* Judicial review. *Jurisdiction,* Judicial review of administrative action. *Words,* "Final."

This court declined to hear an appeal of a decision of the Superior Court pursuant to G. L. c. 175, § 113P, third par., reviewing a decision of the Board of Appeal on Motor Vehicle Liability Policies and Bonds, where § 113P explicitly states that the decision of the Superior Court on such matters is "final," and where the issue asserted on appeal was the sufficiency of the evidence before the board: the court concluded that its scope of review was limited in such cases and extended only to errors of law. [770-776]

CIVIL ACTION commenced in the Superior Court Department on October 3, 1996.

The case was heard by *Margaret R. Hinkle,* J.

*Harris Krinsky* for the plaintiff.

*Jamie W. Katz,* Assistant Attorney General, for Board of Appeal on Motor Vehicle Liability Policies and Bonds.

LAURENCE, J. The appellant, Berj Nercessian, was involved in a single-car collision at 11:15 A.M. on January 29, 1996. He was driving at approximately fifty-five miles per hour in the passing lane of Route 128 south in Waltham when his vehicle suddenly swerved into the guardrail. He does not recall any details of the collision, having suffered a concussion (perhaps because his air

---

[1]Amica Mutual Insurance Company.

bag failed to deploy). The accident left his vehicle severely damaged. The State police responded to the scene of the accident and reported that on a clear, dry morning and on a highway free of defects Nercessian's vehicle had swerved to the left while braking, for some unknown reason, then hit the guardrail and swerved back into the travel lanes.

The appellee, the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board), acting pursuant to its statutory and regulatory authority,[2] applied a presumption of fault against Nercessian arising from his involvement in the single-vehicle accident.[3] At his hearing before the board, Nercessian challenged the presumption and resulting surcharge by arguing (despite his failure of memory) that the accident had occurred as a result of mechanical failures in his car rather than his own acts or omissions. In support of his contention, he introduced a transcript of a taped telephone conversation between his attorney and a purported auto repairman discussing possible mechanical defects that "might have" or "could have" caused the accident. The board's hearing officer rejected this evidence as unreliable[4] and determined that the regulatory presumption of fault, along with "the totality of evidence,"[5] justified upholding

[2]See, with respect to this regulatory scheme, G. L. c. 175, §§ 113B & 113P; 211 Code Mass. Regs. §§ 74.00 et seq. (1995); *DiLoreto* v. *Fireman's Fund Ins. Co.*, 383 Mass. 243 (1981); *Merisme* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 27 Mass. App. Ct. 470 (1980); *Yazbek* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 41 Mass. App. Ct. 915 (1996); *Prescott* v. *Board of Appeal on Motor Vehicle Liab. Policies & Bonds*, 42 Mass. App. Ct. 36 (1997).

[3]The presumption that the board applied in this case appears in 211 Code Mass. Regs. § 74.04(19) (1995), and states: *"Single Vehicle Collision.* The operator of a vehicle subject to the Safe Driver Insurance Plan shall be presumed to be more than 50% at fault when operating the only vehicle involved in a collision." Nercessian had appealed to the board, pursuant to G. L. c. 175, § 113P, from a premium surcharge levied by his automobile insurer, Amica, in accordance with the Safe Driver Plan and the single-car collision presumption of fault established by the Commissioner of Insurance and the board pursuant to G. L. c. 175, § 113B.

[4]The hearing officer emphasized that the proffered transcript *"was neither signed, or sworn and participating individuals were not clearly identified as to experience and expertise in motor vehicle parts and accident re-construction."* See *Merisme* v. *Board of Appeals on Motor Vehicle Liab. Policies & Bonds, supra* at 473-475 (hearsay evidence can satisfy the "substantial evidence" standard at board hearings if it has "indicia of reliability and probative value").

[5]Evidence cited by the hearing officer, in addition to the presumption, was

the surcharge. That conclusion was affirmed by the full board.

Nercessian proceeded to appeal the board's decision to the Superior Court pursuant to G. L. c. 175, § 113P, third par., which, as amended through St. 1983, c. 241, § 20, provides, in pertinent part:

> "*Any person . . . aggrieved* by any finding or order of the board *may appeal therefrom to the superior court depart-ment* of the trial court, *pursuant to the provisions of sec-tion fourteen of chapter thirty A. . . . Said court shall*, after such notice to the parties as it deems reasonable, *give a summary hearing on such appeal and shall have such jurisdiction in equity to review all questions of fact and law*, and to affirm or reverse such finding or order and may make any appropriate decree. Said court or justice may allow such appeal, finding or order to be amended. *The decision of the court or justice shall be final. . . .* Said court may make reasonable rules to secure prompt hearings on such appeals and a speedy disposition thereof." (Emphasis supplied.)

A judge of the Superior Court affirmed the board's decision, ruling that Nercessian had failed to bear his burden of demonstrating its invalidity and that it was supported by substantial evidence in the record, not merely the rejection of Nercessian's transcript evidence. Compare *Cohen* v. *Board of Registration in Pharmacy*, 350 Mass. 246, 251-252 (1966).

Appealing to this court from that affirmance, Nercessian contends that the board erred in disbelieving his evidence, which he claims undermines the regulatory presumption, and that the Superior Court judge erred in determining that the board's deci-sion was supported by substantial evidence. Relying on traditional principles of deferential judicial review of administra-tive agency action and the authorities cited in note 3, *supra*, the board urges us to approve the Superior Court's conclusion that the board had justifiably rejected, as insufficient to overcome the presumption of fault, Nercessian's unreliable speculations as to how the accident happened.

---

that Nercessian had inexplicably swerved while braking as he traveled in the passing lane, that it was a clear day, that the road surface was dry and without defect, that a few days before the accident the vehicle had received a brake check, four new tires, wheel balancing, and a front end alignment, and that he had driven it home from the shop without incident.

46 Mass. App. Ct. 766 (1999)                        769

Nercessian v. Board of Appeal on Motor Vehicle Liability Policies & Bonds.

At oral argument, we inquired about a question not addressed in the briefs, namely, whether we were empowered to decide the appeal in light of the words of G. L. c. 175, § 113P, that the decision of the Superior Court on appeal from the board "shall be final." In response, the parties submitted arguments of limited assistance.[6] Nercessian asserts that Appeals Court jurisdiction is conferred by the provision of G. L. c. 30A, § 15, as amended by St. 1973, c. 1114, § 3, which states that "[t]he supreme judicial court and the appeals court shall have concurrent jurisdiction to review any proceedings had, determinations made, and orders or judgments entered in the superior court pursuant to section fourteen [of c. 30A]." Since his § 113P appeal of the board's decision to the Superior Court had been by its very terms "pursuant to the provisions of section fourteen of chapter thirty A," Nercessian maintains that an appeal to the Appeals Court clearly lies by virtue of the plain words of G. L. c. 30A, § 15. Unfortunately, Nercessian's argument makes no effort to reconcile the seeming conflict between the "finality" language of § 113P and the all-encompassing jurisdictional statement of § 15, except to suggest that § 113P's words "shall be final" are to be ignored — a reading we would be loath to reach except as a last jurisprudential resort after it has been convincingly demonstrated to us (which Nercessian fails to do) that "no other possible course is open." *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass. App. Ct. 282, 289 (1996), quoting from *Commonwealth* v. *McMenimon*, 295 Mass. 467, 469 (1936).

The board has been little more helpful on the issue posed by the panel. Without citation to authority or any reference to its apparent oversight heretofore,[7] the board conclusorily pronounces "that, in light of the plain language of [§ 113P] . . . ,

---

[6]As in *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass. App. Ct. 282, 284-285 (1996), the parties' supplemental submissions on the issue of this court's jurisdiction presented neither case authority on point nor helpful legislative history regarding the statutory provision of finality.

[7]None of the reported decisions arising under G. L. c. 175, § 113P (see note 2, *supra*), mentioned the finality provision or addressed its implications. *DiLoreto* involved constitutional challenges to the delegation of authority by G. L. c. 175, § 113P, to a private insurance company to assess the surcharges and to the application of the presumptions of fault and did not discuss the procedural mechanisms of the statute. However, the board failed to raise any objection to this court's review of the insured's appeal in *Merisme*; and the board itself launched the appeals in *Yazbek* and *Prescott*.

the Appeals Court lacks subject matter jurisdiction over an appeal from the Superior Court of a Board decision. . . . [T]he explicit language of G. L. c. 175, § 113P would appear to control over the more general terms of G. L. c. 30A, § 15." Recalling pre-chapter 30A doctrine, the board argues that Nercessian and other similarly stymied motorists disappointed by an adverse Superior Court decision will always have a "limited right of appeal" by way of a certiorari action pursuant to G. L. c. 249, § 4, which is "sufficient due process" "[g]iven the limited magnitude and modest complexity of most surcharge appeals."[8]

Despite the technically defective nature of the board's contentions on the jurisdictional point,[9] it is correct in its assertion that we should not address the merits of the instant appeal. Both parties have essentially posited that the finality language of G. L. c. 175, § 113P, and the jurisdictional provision of G. L. c. 30A, § 15, are irreconcilably conflicting and that one must yield to the other.[10] We do not accede to those positions.

It is our duty to make every effort to give force and effect to "every word of a legislative enactment." *Bartlett* v. *Greyhound Real Estate Fin. Co.*, 41 Mass. App. Ct. at 289, quoting from

---

[8]Compare, e.g., *Swan* v. *Justices of the Superior Ct.*, 222 Mass. 542, 544-546 (1916) (statutory provision that "there shall be no appeal" from a Superior Court decision does not preclude a writ of certiorari); *Opinion of the Justices*, 251 Mass. 569, 616 (1925) (Supreme Judicial Court stated that despite language in a proposed act that the decree of the Superior Court "shall be final," such a decree would still be subject to a writ of certiorari); *McLaughlin* v. *Mayor of Cambridge*, 253 Mass. 193, 199-200 (1925); *Commissioners of Civil Serv.* v. *Municipal Ct. of Boston*, 369 Mass. 84, 90 (1975) (statutes providing that decision of district or municipal court reviewing the removal of a municipal employee "shall be final and conclusive" does not prevent resort to certiorari to correct manifest "errors of law apparent on the record").

[9]See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); *Lolos* v. *Berlin*, 338 Mass. 10, 14 (1958) (parties have the duty to assist the court with appropriate citation of authority); *Langlitz* v. *Board of Registration of Chiropractors*, 396 Mass. 374, 376 n.2 (1985) (assertion "made without citation to authority or reasoned argument . . . does not rise to the level of [adequate] appellate argument").

[10]Were the hypothesis of such irredeemable conflict correct, we would be obliged to agree with the board that § 113P, as the more recent and more specific expression of the Legislature's intent, would trump § 15. See *Doe* v. *Attorney Gen. (No. 1)*, 425 Mass. 210, 215-216 (1997), and authorities there cited. Any attempt to obtain further review beyond the Superior Court would then have to be to the Supreme Judicial court by means of G. L. c. 249, § 4 (certiorari), or G. L. c. 211, § 3 (general power of superintendence).

*Chatham Corp.* v. *State Tax Commn.*, 362 Mass. 216, 219 (1972). More generally, we must strive to construe allegedly inconsistent statutes "addressing similar subject matter . . . together [in order] to make 'an harmonious whole consistent with the legislative purpose,' [as well as] to avoid rendering any part of the legislation meaningless," *Healey* v. *Commissioner of Pub. Welfare*, 414 Mass. 18, 25-26 (1992) (citation omitted); and we must do so "in harmony with common sense and sound reason." *Massachusetts Commn. Against Discrimination* v. *Liberty Mut. Ins. Co.*, 371 Mass. 186, 190 (1976), quoting from *Atlas Distrib. Co.* v. *Alcoholic Bevs. Control Commn.*, 354 Mass. 408, 414 (1968). The fundamental goal is, as always, ascertaining as best we can the expressed or presumed intent of the Legislature.

Here, that intent can be gleaned from the procedural scheme established by G. L. c. 175, §§ 113B and 113P, particularly the use of presumptions of fault at the administrative level and § 113P's authorization of the Superior Court judge to whom an appeal is taken "to review all questions of fact and law" in a "prompt" but "summary hearing on such appeal" and to make "a speedy disposition thereof." This statutory language bespeaks a legislative desire to streamline the review process, a design reflecting (as the board observes) "the limited magnitude and modest complexity of most surcharge appeals."

Such an objective of expedition would be impeded, if not thwarted, by the addition of another layer of full-fledged appellate decision-making, which could easily aggravate delay in the efficient implementation of the board's task of dealing with the ubiquitous and seemingly inevitable phenomenon of automobile accidents in our society — a problem that has been recognized by the courts of this Commonwealth for at least three-quarters of a century. Cf. *Opinion of the Justices*, 251 Mass. 569, 594-597 (1925); *Mitchell* v. *Lonergan*, 285 Mass. 266, 268 (1934). The legislative purpose of speedy disposition of such matters would seem best served not only by the elimination of procedural "formalities . . . [that] cause delay," *Summit Fid. & Sur. Co.* v. *Commissioner of Ins.*, 333 Mass. 476, 481 (1956) — which § 113P explicitly authorizes the reviewing Superior Court to do — but, even more effectively, by making the Superior Court's appellate decision literally "final" and, as the board asserts, leaving surcharged motorists to, at most, a limited right of further appeal, arguably the extraordinary certiorari remedy under G. L. c. 249, § 4.

Such a scheme appears at first blush validated by the decision (uncited by the board) in *Merchants Mut. Cas. Co.* v. *Justices of the Superior Ct.*, 291 Mass. 164 (1935). That case involved G. L. c. 175, § 113D, the provision (dealing with appeals from orders of motor vehicle insurance cancellation) on which the appeal mechanism in § 113P is plainly modeled,[11] which states that the decision of the Superior Court on appeal from an order of the board "shall be final." The Supreme Judicial Court held in *Merchants Mutual* that, notwithstanding the finality language of § 113D, "This court has jurisdiction in certiorari concerning such a decision," 291 Mass. at 165, which it proceeded to exercise by reviewing only for errors of law appearing on the record, *id.* at 167, because the facts of record "must be accepted as true." *Id.* at 166.[12]

The modern version of certiorari might appear even more appropriate in light of the judicial broadening, over the last generation, of the statutory remedy beyond its historic common-law restrictions and technicalities. See *Boston Edison Co.* v. *Boston Redev. Authy.*, 374 Mass. 37, 49-50 (1977); *Wightman* v. *Superintendent, Mass. Correctional Inst., Walpole*, 19 Mass. App. Ct. 442, 445 (1985) (the scope of review on certiorari is a function of the nature of the judicial or quasi judicial action sought to be reviewed). Our courts now allow review on certiorari to extend, in appropriate cases, to determining whether the decision being challenged was arbitrary, capricious, or an abuse of discretion, see *Caswell* v. *Licensing Commn. for Brockton*, 387 Mass. 864, 877-878 (1983); whether such decision was

---

[11]General Laws c. 175, § 113D, was originally enacted, as St. 1925, c. 346, § 4, over fifty years before § 113P (St. 1976, c. 266, § 18). The appeal provisions of the third paragraph of § 113P are identical in all material respects to those of the third paragraph of § 113D — including the language mandating a "summary hearing," conferring jurisdiction on the Superior Court to "review all questions of fact and law," authorizing court rulemaking to secure "prompt hearings" and a "speedy disposition," and making the court's decision "final" — with one significant exception: § 113D says nothing about G. L. c. 30A or the nature of the appeal, whereas § 113P specifies the appeal as being "pursuant to the provisions of section fourteen of chapter thirty A."

[12]Review only for substantial errors of law apparent on the face of the record and not of findings of fact or sufficiency of the evidence was the traditional limited judicial function on a petition for a writ of certiorari. See *Commissioner of Pub. Works of Boston* v. *Justices of Mun. Ct. of Dorchester Dist.*, 228 Mass. 12, 15-17 (1917); *Walsh* v. *District Ct. of Springfield*, 297 Mass. 472, 475-477 (1937); *Grande & Son, Inc.* v. *School Hous. Comm. of N. Reading*, 334 Mass. 252, 259 (1956).

supported solely by inadequate evidence, *Wightman*, 19 Mass. App. Ct. at 445-446; and even whether such decision was supported by "substantial evidence." *Boston Edison*, 374 Mass. at 53-54. See *Bielawski* v. *Personnel Administrator of the Div. of Personnel Admin.*, 422 Mass. 459, 464 (1996); *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen of Randolph*, 19 Mass. App. Ct. 296, 300-301 (1985).

We reject, however, the board's position that the only recourse of a surcharged motorist whose § 113P appeal is denied by the Superior Court is the certiorari route of G. L. c. 249, § 4, however liberalized, for several reasons. The first rests upon principles of sound judicial administration. A civil action in the nature of certiorari "may be brought [only] in the supreme judicial or superior court." G. L. c. 249, § 4. We cannot conceive that the Legislature could have acted with the essentially irrational intention of compelling a person in Nercessian's situation to undergo two successive and basically identical Superior Court proceedings relitigating the same issues.[13] Nor can we reasonably postulate a legislative intent to burden the Supreme Judicial Court (or a single justice thereof) with potentially voluminous matters of such minimal judicial significance. Cf. *Bartlett*, 41 Mass. App. Ct. at 290-291; Johnedis, Impact of the Appeals Court on the Supreme Judicial Court, 77 Mass. L. Rev. 146, 146-147, 149-150, 154 (1992).[14]

Because of that consideration of judicial economy, combined

---

[13]Such an "appellate" scenario could even become more anomalous, in that the certiorari action might allege facts and raise issues not previously relied on before the board or in the § 113P appeal to the Superior Court, so long as they are arguably to be found within the four corners of the record of the proceedings.

[14]We recall, in this connection, *Doherty* v. *School Comm. of Boston*, 6 Mass. App. Ct. 805, 810-812 (1979). There, we accepted a direct appeal from a Superior Court judge's findings in a proceeding under G. L. c. 71, § 43A, for reasons of judicial economy, notwithstanding the Supreme Judicial Court's earlier decision in *MacKenzie* v. *School Comm. of Ipswich*, 342 Mass. 612, 613-614 (1961). *MacKenzie* had held that there could be no direct appeal of adverse Superior Court determinations under § 43A (which dealt with appeals from public school teacher dismissals and provided that "The decision of the [superior] court shall be final, except as to matters of law") and that a writ of certiorari was the only available method of review; and several decisions of this court before *Doherty* had applied *MacKenzie* to dismiss efforts to take direct appeals from judgments entered under § 43A. Our opinion in *Doherty* rested on the phenomenon that, following *MacKenzie*, litigants dissatisfied with Superior Court decisions under § 43A proceeded to commence actions in the nature of certiorari in the Supreme Judicial Court; the single justices of

with the canon of statutory construction that mandates our viewing no words of a statute as superfluous, we must attribute significance to the words of § 113P that characterize the initial appeal process as "pursuant to the provisions of" G. L. c. 30A, § 14, against the background of § 15's conferring of jurisdiction on the Commonwealth's institutional appellate tribunals to review all Superior Court proceedings, orders and judgments made "pursuant to [c. 30A] section 14." Indeed, the Supreme Judicial Court has already pointed in that direction, although only in dictum, in *Almeida* v. *Travelers Ins. Co.*, 383 Mass. 226 (1981). There, the court dealt with an insurer whose attempted surcharge on the insured motorist (after denying the motorist's claim under the policy) was ordered rescinded by the board. The insurer did not exercise its right of appeal to the Superior Court under § 113P but persisted in denying the claim, which provoked a civil action for damages against the insurer by the motorist. Early in that litigation, the motorist obtained a trial court ruling that the board's surcharge decision conclusively precluded the insurer from relitigating the issue whether the motorist was more than fifty per cent at fault. On the insurer's appeal, and in the course of upholding the application of the doctrine of issue preclusion to the board's order to prevent relitigation of an issue before a different tribunal, the Supreme Judicial Court observed that "we would be required by G. L. c. 175, § 113P, and G. L. c. 30A, § 14, to uphold the board's decision on appeal if we found substantial supporting evidence and no other § 14 violation." 383 Mass. at 230.

The *Almeida* decision did not mention, much less focus on, the finality provision of § 113P. It indicates, however, the Supreme Judicial Court's apparent view that further review of a board surcharge decision, beyond the Superior Court, properly lies to a regular appellate tribunal.[15] We are obligated, nonethe-

that court adopted the practice of transferring them to this court for disposition under G. L. c. 211, § 4A, by single justices; and our single justices typically reserved and reported them to a panel of this court. Such a circuitous process resulted in nothing but additional expense and delay. It is both premature and speculative to adjudge whether the *Doherty* rationale would ever be appropriate with respect to § 113P in light of the modern development of the certiorari remedy; it is, in any event, not an available option to us at this time, given our obligation to construe and apply the statutes applicable to the present controversy.

[15]By virtue of G. L. c. 211A, §§ 10 & 11, and the inherent nature of the

less, in deciding this case to give "some measure of finality" to the Superior Court's decision, "else the word 'final' inserted [into the appeal provision of § 113P] . . . would itself be meaningless surplusage, contrary to the principle just discussed." *Bartlett*, 41 Mass. App. Ct. at 289-290. The right of further appeal from the Superior Court's § 113P appeal decision to this court cannot, therefore, be coextensive with G. L. c. 30A, § 14(7), as Nercessian argues, which would read "final" out of the statute.

On the analogic strength of the discussion in *Bartlett*, 41 Mass. App. Ct. at 289-291 & n.12,[16] we conclude that the Superior Court's decision on appeal under § 113P is "not . . . exempt from review[] for error of law by a panel of the Appeals Court," *id.* at 291, and that any such asserted error will be "subject to de novo judicial review" by this court. *Raytheon Co.* v. *Director of the Div. of Employment Sec.*, 364 Mass. 593, 595 (1974). That review cannot, however, extend to examining the weight of the evidence to determine whether the Superior Court's decision — either upon its own findings of fact or those of the board adopted by the Superior Court — was justified, unless there is absolutely "no basis in fact" to support that decision. See *Estep* v. *United States*, 327 U.S. 114, 122-123 (1946) (construing scope of judicial review under the Federal Selective Service Act which provided that classification decisions of local draft boards "shall be final"). See also *Cox* v. *United States*, 332 U.S. 442, 448, 452-453 (1947).

---

intermediate appellate system, all applications for appellate review of Superior Court determinations (with exceptions not here relevant) are filed with the Appeals Court rather than the Supreme Judicial Court and remain to be decided here, subject to the transfer of the appeal by the Supreme Judicial Court on an order for direct appellate review.

[16]In *Bartlett*, we harmonized apparently conflicting provisions of G. L. c. 231, § 6G, which stated that, on an appeal of a "frivolous claim" fee sanction under G. L. c. 231, § 6F, from the Superior Court to a single justice of the Appeals Court, the decision of the single justice "shall be final"; but then went on immediately to state that "Any appeal to the supreme judicial court or the appeals court shall proceed according to the Massachusetts Rules of Appellate Procedure." Applying the principles of statutory construction discussed above, we held that this "finality" language could not preclude further review at least for errors of law in light of the provision plainly indicating the availability of some form of further review of the single justice's action; and we suggested, in dictum, that in all probability the finality contemplated by the statutory language related to the single justice's findings of fact. See 41 Mass. App. Ct. at 290-291 & n.12.

The finality language of § 113P thus operates to limit the scope of further review to a greater degree than the modern, liberalized certiorari remedy. See text accompanying note 12, *supra.* Cf. *Bartlett*, 41 Mass. App. Ct. at 291 n.12, quoting from *McLaughlin* v. *Mayor of Cambridge*, 253 Mass. 193, 199 (1925) ("the statute provides that 'The decision of the [district] court shall be final and conclusive upon the parties' . . . as such [the] decision, so far as it relates to questions of fact, will not be reversed, yet the parties are not deprived of the right to have manifest errors of law corrected"). Such a result is faithful to both the intended nature of surcharge proceedings and the applicable canons of statutory interpretation.[17]

Because the arguments Nercessian advances solely involve challenges to the sufficiency of the evidence on the basis of which the board upheld his insurer's merit rating surcharge on account of his single-car collision, his appeal addresses matters beyond the scope of our review.[18,19]

*Judgment affirmed.*

[17]To the extent G. L. c. 30A, § 15, as construed herein, makes the Superior Court's decision under § 113P reviewable by appeal to this court, an action in the nature of certiorari will not lie. See *Garden Homes, Inc.* v. *District Ct. of Somerville*, 336 Mass. 432, 434 (1957).

[18]Nercessian purports, in the first of his two appellate arguments, to be attacking the board's "error of law" in concluding that he had failed to overcome the presumption that he was more than fifty per cent at fault. This label cannot, however, disguise the fact that he is arguing that he "produc[ed] sufficient evidence" to overcome the presumption, see 211 Code Mass. Regs. § 74.03 (1995), contrary to the board's finding and the Superior Court's ruling that he did not.

[19]Were we to reach the merits of Nercessian's would-be appeal, we would agree with the board that the Superior Court judge was correct in sustaining the board's surcharge decision, for the dual reasons that Nercessian failed to produce sufficient contrary evidence to overcome the presumption of fault and that that presumption, combined with the other evidence in the record, constituted substantial evidence for imposing the surcharge.