Fecteau, J.
INTRODUCTION
The plaintiff, Jason Schiller (“Schiller”) seeks review of a decision of the Uxbridge Division of the District Court (“District Court”) which affirmed the order of the Town of Uxbridge Board of Selectmen (“Board”). The Board had ordered the destruction of Schiller’s two Rottweiler dogs. This matter is before the court on Schiller’s Motion for Judgment on the Pleadings. The Board opposes the Motion and filed a Cross Motion for Judgment on the Pleadings. For the reasons discussed below, Schiller’s Motion is DENIED and the Board’s Cross Motion is ALLOWED.
BACKGROUND
Schiller resides in Uxbridge, Massachusetts and owns two Rottweiler dogs known as Madison and Kodiak. On November 7, 2001, the dogs were running freely in Schiller’s neighborhood. He was not home. The two dogs unexpectedly attacked a neighbor’s three-year-old son. Two construction workers working nearby assisted in releasing the boy from the dogs. The boy sustained physical injuries and continues to suffer psychological trauma.
On November 14, 2001, the Board notified Schiller that it would hold a hearing concerning a complaint brought against his dogs, pursuant to G.L.c. 140, §157. On November 26,2001, the Board heard from twelve (12) witnesses and four (4) exhibits were introduced. The Board voted to have the dogs destroyed. On December 6,2001, Schiller filed a petition for review in the Uxbridge District Court. On May 7, 2002, Clerk Magistrate Rigero affirmed the Board’s decision to destroy Schiller’s dogs. On May 14, 2002, Schiller appealed and requested the District Court to hear the case de novo. On July 12,2002 and August 2, 2002, a trial was held before Judge Paul A. Losapio. Prior to close of evidence, Schiller filed a motion for a view of the petitioner’s dogs on their property and a view of their property. The court did not take a view. On September 10,2002, the court issued a decision and affirmed the decision of the Board to have the dogs destroyed.
On November 1, 2002, the plaintiff filed a petition for certiorari, pursuant to G.L.c. 249, §4. On January 31, 2003, the District Court filed a motion to be designated a nominal party. The motion was allowed by the court (McCann, J.) on February 3, 2002. Schiller filed his Motion for Judgment on the Pleadings on August 25, 2003 along with the Board’s Opposition and Cross Motion for Judgment on the Pleadings.
DISCUSSION
A. What is the proper standard of review pursuant to G.L.c. 249, §4?
A civil action, pursuant to G.L.c. 249, §4, serves to correct errors in administrative proceedings by means of judicial review when such oversight is not provided by statute. Yerardi’s Moody Street Restaurant & Lounge, Inc. v. Board of Selectmen of Randolph, 19 Mass.App.Ct. 296, 300 (1985). When faced with a petition for certiorari a court may review whether the decision being challenged was arbitrary, capricious or an abuse of discretion; whether a decision was supported solely by inadequate evidence; and whether a decision was supported by substantial evidence. Nercessian v. Board of Appeal on Motor Vehicle Liability Policies Bonds, 46 Mass.App.Ct. 766, 772-73 (1999). “The standard of review may vary according to the nature of the action for which review is sought.” Forsyth School for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 211, 217 (1989).
The plaintiff contends that G.L.c. 140, §157 limits the authoriiy of the Board by only allowing decisions which are “deemed necessary” and that the reviewing court must therefore determine whether the Board’s decision was supported by substantial evidence. However, the defendants argue that the statute vests considerable discretion in the Board and thus, its decisions should be assessed by the arbitrary and capricious standard.
G.L.c. 140, §157 states in part that “(i]f any person shall make complaint in writing to the selectmen of a town, the officer in charge of the animal commission or person charged with the responsibility of handling dog complaints of a city, or the county commissioners, that any dog owned or harbored within his or their jurisdiction is a nuisance by reason of vicious disposition or excessive barking or other disturbance .. . such selectmen, officer in charge of the animal commission or person charged with the responsibility of handling dog complaints or county commissioners shall investigate or cause to be investigated such complaint, including an examination on oath of the complainant and may make such order concerning the restraint or disposal of such dog as may be deemed necessary.”
Because the Board may take any action it may deem necessary, this statute is one that allows for broad discretion. “In construction of statutes . . . [the] word ‘may’ as opposed to ‘shall’ is indicative of discretion or choice between two or more alternatives.” Black’s Law Dictionary 883 (rev. 5th ed. 1979). When a statute gives an administrative agency broad discretion, judicial review is limited to a search for error of law or abuse of discretion, as measured by the arbitrary and capricious standard. Yerardi’s at 300. “An appeal under G.L.c. 249, §4, through an action in the nature of certiorari, is not generally available to review discretionary administrative action except to determine whether the board acted arbitrarily and capriciously.” Forsyth at 217.
*262 B. Did the District Court commit any error of law or abuse of discretion as measured by the arbitrary and capricious standard?
The District Court held a de novo hearing on Schiller’s petition for review where it heard testimony from thirteen witnesses over two days. The court disagreed with Schiller’s contention that G.L.c. 140, §157 refers to a de novo hearing in which the court must make findings and orders independent of the Board’s decision. The court found that Schiller had filed apetition for reviewwith the court and that it was that petition for review of the order of the Board that was heard by the magistrate and then heard de novo by the court.
G.L.c. 140, §157 states in part that “(w]ithin ten days after such order the owner or keeper of such dog may bring a petition in the district court within the judicial district of which the dog is owned or kept, addressed to the justice of the court, praying that the order may be reviewed by the court, or magistrate thereof, and after such notice to the officer or officers involved as the magistrate deems necessary the magistrate shall review such action, hear the witnesses and affirm such order unless it shall appear that it was made without proper cause or in bad faith, in which case such order shall be reversed. Any party shall have the right to request a de novo hearing on the petition before a justice of the court (emphasis added). The decision of the court shall be final and conclusive upon the parties.”
The test is not whether the court would reach the same result as the District Court but whether the decision should be disturbed because it is unreasonable, capricious or arbitrary. Forsyth, at 219. The District Court heard testimony of thirteen (13) witnesses and reviewed nine (9) exhibits during the course of a two-day trial. The court made findings of fact and affirmed the action taken on the complaint. The District Court properly conducted a de novo hearing and made a decision, albeit an affirmation of the Board’s order. The record does not support a claim that the action of the court was unreasonable, arbitrary, or capricious.[1]
Lastly, the court did not act arbitrarily or capriciously because it failed to physically view the plaintiffs property. The court properly reviewed photographs and heard oral testimony. It is sufficient in these circumstances that the court made its ruling on the plaintiffs motion based on the evidence before it in court. Moreover, it is in the court’s discretion whether to take a view. Commonwealth v. Gabbidon, 17 Mass.App.Ct. 525, 535 (1984).
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs Motion for Judgment on the Pleadings be DENIED and the defendant’s Cross Motion for Judgment on the Pleadings be ALLOWED.

 The same conclusion would result under the substantial evidence test. Upon consideration of the entire record, evidence was heard and viewed by the District Court such that a reasonable mind “might accept as adequate to support a conclusion” that Schiller’s dogs should be destroyed. G.L.c. 30A, §41. The court concludes that the District Court’s decision was “legally tenable and supported by substantial evidence on the record as a whole.” Commissioner of Health & Hosps. of Boston v. Civil Serv. Comm’n, 23 Mass.App.Ct. 410, 411 (1987).