Gamaliel Madelon's automobile insurance carrier, MetLife Insurance Company (MetLife), assessed a surcharge to his insurance premium after concluding that Madelon was at fault for a rear-end collision. Madelon appealed to the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board). After a hearing, the board upheld the surcharge in a written memorandum and order. Madelon sought judicial review of the board's decision pursuant to G. L. c. 175, § 113P, and G. L. c. 30A, § 14. A Superior Court judge allowed MetLife's motion for judgment on the pleadings and dismissed Madelon's complaint, concluding that "the Board's decision was not arbitrary or unsupported by substantial evidence." On appeal, Madelon claims that the board's decision was not supported by substantial evidence. We affirm.
Discussion. The scope of our review is narrow. We review the judge's decision de novo for errors of law, but we do not "examin[e] the weight of the evidence to determine whether the Superior Court's decision ... was justified, unless there is absolutely no basis in fact to support that decision." Nercessian v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 46 Mass. App. Ct. 766, 775 (1999) (quotation omitted).
Madelon's primary argument on appeal is that the board improperly considered hearsay evidence-specifically, testimony by a MetLife representative and MetLife's internal documents produced following Madelon's accident report-and that without the improper hearsay, the board's decision was not based on substantial evidence. We disagree. First, under the State Administrative Procedures Act, "agencies need not observe the rules of evidence observed by courts .... Evidence may be admitted and given probative effect ... if it is the kind of evidence on which reasonable persons are accustomed to rely in the conduct of serious affairs." G. L. c. 30A, § 11(2), inserted by St. 1954, c. 681, § 1. The board may consider hearsay evidence, so long as it bears "indicia of reliability and probative value." Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass. App. Ct. 470, 475 (1989), quoting from Embers of Salisbury, Inc. v. Alcoholic Bevs. Control Commn., 401 Mass. 526, 530 (1988).
Here, the evidence Madelon identifies as hearsay was sufficiently reliable. It was corroborated by nonhearsay evidence before the board including Madelon's hearing testimony, narrative, and appeal form. Because these were Madelon's own statements, they were not hearsay. See Mass. G. Evid. § 801(d)(2) (2017) (statement that "is offered against an opposing party and ... was made by the party" is not hearsay). From that evidence alone, the board could reasonably have concluded that Madelon was involved in an automobile accident in which a vehicle he operated collided with the rear of another vehicle. The board could have further determined that this collision occurred despite the fact that Madelon's vehicle was moving slowly at a distance of two to three car lengths behind the vehicle struck.[3]
Madelon's argument challenging the sufficiency of the evidence supporting the board's conclusion that he was at fault for the accident is beyond the scope of our review. Nercessian, supra at 775-776. Nonetheless, having reviewed the record, we discern no error in the judge's conclusion that the board's decision to uphold the surcharge was based on substantial evidence.
Judgment affirmed.

An operator is presumed more than fifty percent at fault for an accident in which he collides with the rear section of another vehicle. 211 Code Mass. Regs. § 74.04(3) (2013).