NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-184

RAYMOND O. JETTE'

vs.

ARBELLA MUTUAL INSURANCE COMPANY & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following an automobile accident, the defendant, Arbella Mutual Insurance Company, imposed a surcharge on the plaintiff, Raymond O. Jette'.[2] See G. L. c. 175, § 113P. Jette' appealed to the Board of Appeal on Motor Vehicle Liability Policies and Bonds (board) which upheld the imposition of the surcharge. Jette' then appealed the board's decision to the Superior Court pursuant to G. L. c. 30A, § 14, after which, on cross motions for judgment on the pleadings, the board's decision was affirmed. This appeal ensued.

---

[1] Board of Appeal on Motor Vehicle Liability Policies and Bonds.

[2] We spell the plaintiff's name as it appears on the complaint.

Background.  We summarize the facts found by the board's hearing examiner.  On October 8, 2021, Jette' was driving his car southbound on I-495 when he rear-ended the car in front of him.  That car, in turn, hit another vehicle.  At the time of the accident, Jette' intended to take the exit from I-495 onto I-290 west in Marlborough.  It was undisputed that weather was not a factor in the collision and Jette' admitted that he had looked up to read a traffic sign before he hit the car.  The accident caused about $12,000 in damages.  At the hearing, Jette' testified and claimed that he was not at fault.  He asserted that because of the heavy traffic, and the presence of an eighteen-wheeler tractor trailer, which blocked his view, he was unable to maintain an appropriate distance between himself and the car ahead of him.  He further claimed that the driver of the car he hit had cut in front of him, thereby limiting his ability to stop in time.  The driver of that car, he asserted, braked suddenly and unexpectedly.  In addition, Jette' claimed that the sun was in his eyes when he looked at the traffic sign and that this fact contributed to the accident.

The hearing examiner concluded that Jette' was "obligated to adjust travel speed and spacing to prevailing weather, road, and traffic conditions," and "to allow for controlled stopping when and if called upon."  The arguments presented by Jette' "were unpersuasive in shifting fault for his rear end collision

2

with [the vehicle in front of him]."  As previously noted, the board upheld the surcharge, and a judge of the Superior Court affirmed the board's decision.[3]

Discussion.  The primary question before us is whether the board's decision is supported by substantial evidence.  See Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass. App. Ct. 470, 474 n.10 (1989).  Additionally, we review the judgment affirming the board's decision de novo for errors of law.  See Nercessian v. Board of Appeal on Motor Vehicle Liab. Policies & Bonds, 46 Mass. App. Ct. 766, 775 (1999).  We have reviewed the record carefully and conclude that there was ample evidence to support the board's decision and we discern no error of law.

Jette' claims that the board's decision is not supported by substantial evidence because -- on the basis of his testimony -- the overwhelming weight of the evidence demonstrates that he was

---

[3] In reaching his conclusion, the judge reasoned as follows:

"After review of the administrative record, the court finds ample evidence to support the Board's decision.  It was undisputed that Mr. Jette was looking up at the sign when he rear-ended another vehicle.  The common application of rules of the road would require Mr. Jette to be traveling at a distance and speed to permit his vehicle to stop prior to the collision.  Moreover, the applicable regulations of the Board presumed, in these circumstances, that Mr. Jette was more than 50% at fault."

not more than fifty percent at fault.[4]  However, the hearing examiner (and consequently the board) was not required to credit the testimony.  "[(I)]t is for the [board], not the courts, to weigh the credibility of witnesses and to resolve factual disputes."  Merisme, 27 Mass. App. Ct. at 472, quoting Embers of Salisbury, Inc. v. Alcoholic Beverages Control Comm'n, 401 Mass. 526, 529 (1988).  Furthermore, as the hearing examiner, the board, and the judge acknowledged, under the Safe Driver Insurance Plan (SDIP), 211 Code Mass. Regs. § 74.04(03) (2013), Jette' was presumed to be "more than 50% at fault" when operating a vehicle which "collides with the rear section of another vehicle."  It was his burden to overcome that presumption.  See Beach v. Commerce Ins. Co., 69 Mass. App. Ct. 720, 723-724 (2007).  In addition, under 720 Code Mass. Regs. § 9.06(7), (9) (1996),[5] Jette' had a duty to ensure that there was a reasonable distance between his vehicle and any other

_____

[4] Jette' testified that "the weather was superb [without] a cloud in the sky."  He alluded to the fact that the tractor trailer blocked his view of stopped traffic.  He stated he was traveling at 65 miles per hour.  He testified that another vehicle pulled in front of him "and while she's applying her brakes, I'm trying to look up to read the sign one last time. And when I looked down, she had almost come to a complete stop. I only had three car lengths left.  At 65 miles per hour, I couldn't stop."  The hearing officer found the arguments as to why Jette' was not at fault "unpersuasive."

[5] 720 Code Mass. Regs. §§ 9.00 was repealed and recodified at 700 Code Mass. Regs. §§ 9.00 (2024) on March 1, 2024.

4

vehicle so that he could stop, taking into consideration his speed and prevailing road conditions.

The hearing examiner concluded that, under "the totality of the evidence," Jette' had not overcome his presumption of fault under the SDIP's Standard of Fault No. 3, 211 Code Mass. Regs. § 74.04(03), and that he "failed to exercise due care in the control and operation of [his] vehicle because [he] was unable to maintain control of the vehicle and was unable to come to a controlled stop without striking the rear of the other vehicle." Both conclusions were supported by substantial evidence in the record. See Merisme, 27 Mass. App. Ct. at 474 n.10 ("substantial evidence" is defined as "such evidence as a reasonable mind might accept as adequate to support a conclusion" [quotation and citation omitted]).[6] In addition, while Jette' claims that the driver of the vehicle in front of him was at fault because she cut in front of him and braked, he did not make that argument before the hearing examiner. To the contrary, he wrote in his operator's report, as to himself and that driver, that "I firmly believe that neither vehicle 1 nor

_____

[6] The substantial evidence inquiry is "highly deferential to the agency," acknowledging the subject matter expertise within specialized agencies as well as authority bestowed by law. Hotchkiss v. State Racing Comm'n, 45 Mass. App. Ct. 684, 695 (1998), quoting Flint v. Commissioner of Pub. Welfare, 412 Mass. 416 (1992).

5

vehicle 2 were at fault in causing the accident." This statement was also read into the record at the hearing. On the basis of the foregoing, we agree with the judge that there was "ample evidence" to support the board's decision to uphold the surcharge.

Furthermore, we note there was nothing arbitrary or capricious about the board's decision. Jette' argues that the hearing examiner improperly allowed the insurer's representative to make an overly long presentation and truncated his attempt to present a "step-by-step explanation as to how the accident happened." Consequently, according to Jette', he was denied a meaningful opportunity to respond to the insurer's surcharge application. Assuming without deciding that Jette' preserved this claim, it has no merit and did not render the board's decision arbitrary or capricious.[7] Jette' was given the opportunity to fully present his case, and he did so ably. To the extent that the hearing officer intervened during the testimony, particularly at points where Jette' testified about the alleged defects in the design of the highway, such interventions were necessary to maintain focus and assure that only relevant information was being presented. In sum, we

---

[7] The board and the insurance company argue that this issue is waived.

6

discern no basis for the claim that Jette' was not given sufficient time to present his arguments before the board.

Judgment affirmed.

By the Court (Vuono, Ditkoff & D'Angelo, JJ.[8]),

Clerk

Entered:   March 20, 2026.

---

[8] The panelists are listed in order of seniority.