Toomey, J.
Pursuant to G.L.c. 43B, §14, the plaintiffs seek declaratory judgment that an initiative petition submitted to the Town Council for the Town of Southbridge (Town Council) was valid.[2] The plaintiffs allege that the petition at issue, filed pursuant to Section 11-2-4 of the Southbridge Home Rule Charter and rejected as invalid by the Town Council, called for a special election on whether to petition the Legislature to enact special legislation changing the Town’s present form of government to a town meeting form of government. The Town Council, contending that no dispute exists as to the material facts, moves for summary judgment in its favor on the declaratory judgment lawsuit. The plaintiffs, although opposing the Council’s motion for declaratory relief in its favor, do agree that there are no genuine issues of material fact distancing the parties, but cross-move for a declaration in their favor. For the following reasons, plaintiffs’ cross-motion is DENIED and the Town Council’s motion is ALLOWED.
BACKGROUND
The plaintiffs are twelve residents and registered voters of the town of Southbridge, Massachusetts and are members of Citizens for a Responsible Government, a political committee interested in the governance of Southbridge. The Town Council and other *15 departments of the Southbridge town government are established and governed primarily by Town Charter, adopted in March 1973 and effective on March 1, 1974. The Town Charter was adopted as a Home Rule Charter, pursuant to G.L.c. 43B and the Home Rule provisions of the Massachusetts Constitution. The Charter established a town council/town manager form of government. Under the Southbridge Home Rule Charter, voters may initiate legislation by submitting a petition to the Town Council, thereby requesting the presentation of the measure contained in the petition to a vote of the Town Council. The petition must be signed by two percent of the total number of voters at the last regular town election and be filed with the town clerk for certification by the Board of Registrars of Voters.
One of the plaintiffs, James J. Marino, Sr., submitted, pursuant to Charter §11-2-1, a petition to the Southbridge Town Clerk on April 4, 2000, requesting that the Town Council petition the General Court for a Special Act restoring Southbridge to a town meeting/board of selectmen form of government.[3] Two days later, the Town Clerk certified 243 signatures on the petition, a total in excess of the required two percent of the number of town voters registered at the last town election. In accordance with §11-2-3 of the Town Charter, the Town Council' considered the plaintiffs petition at a public meeting on the evening of April 24, 2000.[4] The Councilors unanimously agreed that the issue should be placed before the voters of the town prior to the Council’s commencing the legislative process in the General Court. Accordingly, the Council rejected the petition, giving the initiative petitioners an opportunity to petition for an election on the measure. According to §11-2-4 of the Charter, the proponents had twenty days to submit a petition calling for a special election on the proposed act.[5]
On April 25, 2000, Mr. Marino filed the same petition with the Town Clerk, with an additional 56 signatures filed later the same day, pursuant to §11-2-4 of the Charter. The form and wording of this petition were identical to the first petition, filed on April 4, 2000. The Town Clerk confirmed, on April 26, 2000, that 529 of the 596 signatures, a total in excess of the required five percent of the Town’s registered voters, were certified by the Board of Registrars.
The petition for election was submitted to the Town Council for consideration at its May 2, 2000 public meeting; its proponents sought to have the council determine whether or not to submit the initiative petition to the voters at the June 2, 2000 election. After reviewing the petition for election and considering the advice of the town’s counsel, the Council determined that the petition was invalid and not in proper form. Accordingly, the Council took no action on the petition for election.
Twelve registered voters have filed the instant action requesting that the Court determine the validity of the petition for election. As noted supra, the parties concur that the suit is now appropriate for disposition by summary judgment.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that, therefore, the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Both Marino and the Town Council concede that, there being no dispute as to the material facts, the only issue for this court to consider is whether the petition submitted by the plaintiffs to the Town Council complied with §11-2-4 of the Charter of the Town of Southbridge, that is, whether it satisfied the requirements established by law for petitions for elections.
The defendants contend that the petition for election, submitted by Marino on April 25, 2000, was invalid under §11 -2-4 of the Town Charter because it did not specifically request a special election. The plaintiffs argue that such a literal construction of the Charter’s requirements frustrates the intent of the voters who signed the petition. Plaintiffs urge the court to overlook such “technicalities” and validate the petition in the interest of giving life to the proponents’ unambiguous effort. After a review of the record, the Court finds, for the reasons stated infra, that, notwithstanding its preference for vindicating the democratic process whenever possible, the Council’s view must prevail because the petition for election did not comply with the requirements of the Town Charter and is therefore invalid.
The gravamen of the Council’s position is that the petition for election, reasonably read, did not describe itself as a petition for election. The Supreme Judicial Court has spoken to the importance of adequately described petitions. In Capezzuto v. State Ballot Law Comm’n, 407 Mass. 949, 955 (1990), the Court observed that,
[a] signature requirement would be meaningless if the person supplying the signature has not first seen what it is that he or she is signing... A person permitted to describe orally the contents of an initiative petition to a potential signer, without the signer having actually examined the petition, could easily mislead the signer by, for example, dismissing, downplaying or even flatly misrepresenting, portions of the petition that might not be to the signer’s liking. This danger seems particularly acute when, in this case, the person giving the *16 description is the drafter of the petition, who obviously has a vested interest in seeing that it gets the requisite signatures to qualify for the ballot.
There is, at bar, no evidence of fraud or misrepresentation in the summary judgment record nor does the Town Council so accuse Marino or any of the plaintiffs. Similarly, there does not appear from the record any animosity on the part of the members of the Town Council toward the plaintiffs for bringing such a petition; the minutes from the Council’s meeting reflect only a desire on the part of the Council members that such an important issue be decided by the voters upon a petition framed in accordance with law. We are left, then, with the question of whether a good faith, yet inadequately self-described petition is of a sort that ought to be endorsed by this court.
Although “exceedingly technical” arguments should not be permitted to block access to the ballot, see Massachusetts Teachers Ass'n. v. Secretary of the Commonwealth, 384 Mass. 209, 235-36 (1981), Gibbons v. State Ballot Law Comm’n, 387 Mass. 343, 349 (1982), the requirement that the signers know precisely what they request the Council to do is not merely a technicality. See Garrison v. Merced, 33 Mass.App.Ct. 116, 117 (1992). While the offered petition referenced the corresponding sections of the Town Charter, the chosen language of the petition did not specify that its purpose was to request the Town Council to hold an election. That Marino verbally informed the signers of the matter in the petition as he circulated it is not sufficient to satisfy § 11 -2-4 of the Town Charter. See Capezzuto, supra at 955.
The plaintiffs argue that the Council has, on several previous occasions, submitted certain petitions to the voters with language similar to that which the Council now claims to be fatally flawed.[6] The crux of the plaintiffs’ argument is that the earlier petitions referenced the sections of the Town Charter which provide for submission of the petition to the voters at the election, as does the petition in the case at bar. Accordingly, they maintain, the Council ought to be estopped from balking at the instant petition. But, the circumstances of the earlier petitions are clearly distinguishable from the case at bar, and estoppel will not lie.
The first example (Plaintiffs’ Ex. H) of a prior petition, submitted as an exhibit to the plaintiffs’ cross motion, is not a petition for election — it is a copy of the election results of a question in a special town election. The subject matter of the question, indeed the wording of the question itself, is identical to the petition here; the question seeks to restore a town meeting/selectman form of government to the Town of Southbridge. The probative value of the exhibit is eroded, however, by the reality that it is not a petition for election within the meaning of §11-2-4 of the Town Charter, and the plaintiffs, have not submitted the underlying document that resulted in that special election question.
The second example (Plaintiffs' Ex. I) is an actual petition, but the wording on the face of the item, to wit. that it was intended to “petition the Town Council to submit the following two measures to a vote of the Town Council in accordance with Chapter 11, Sections 1 and 2 of the Southbridge Home Rule Charter” (emphasis added), disqualifies it for analogy to the petition at bar. Similar distance separates the third example (Plaintiffs’ Ex. J) and the language on the petition at issue here. That initiative petition, which dealt with acceptance of the Quinn Bill in the Town of Southbridge, plainly stated its purpose in both the title and body of the document. Entitled “Petition to submit question of acceptance of police career incentive pay program to special election,” the body of the petition continues, "We, the undersigned . . . hereby petition the Town Council under the provisions of Chapter 11, Section 2 of the Southbridge Home Rule Charter to submit the question of acceptance ... to a special election.” (Emphasis added.) Similar language is, significantly, absent from the petition at bar.
This Court concludes that the purpose intended by the Southbridge Town Charter would be frustrated were an election to be called in circumstances where it is impossible to determine if the signers understood that the language of their petition sought to call an election on the matter. Cf. Morway v. Town of Webster, 29 Mass.App.Ct. 604, 611 (1990); see also Shulte v. Director of the Div. of Employment and Security, 369 Mass. 74, 79-80 (1975); Troland v. Malden, 332 Mass. 351, 356 (1995). Because the petition for election was, by reasons of its formal inadequacies, invalid, the Council’s refusal to act on the petition was lawful and summary judgment will issue in favor of the Council.[7]
ORDER
For the foregoing reasons, the defendant’s motion for summary judgment is ALLOWED and the plaintiffs’ cross-motion for summary judgment is DENIED.

 On leave of court, ten or more registered voters have the right to file a bill on behalf of the public for declaratory relief under G.L.c. 231A. See G.L.c. 43B, §14(2).

 The petition was entitled: Shall the Town of Southbridge, acting in accordance with Ch. 11, Sections 1 to 5 of the Southbridge Home Rule Charter and Article 2, Section 8 of amendment to the Constitution of the Commonwealth, petition the General Court to enact the following special law, substantially as follows: An Act Restoring the Town Meeting-Selectmen Form of Government in the Town of Southbridge.
Section 11-2-1 provides as follows: ‘The voters of the town may initiate legislation by submitting a petition to the town council which requests the submission of the proposed bylaw or measure to a vote of the town council. Said petition must be signed by qualified voters of the town equal in number to two (2) percent of the total number of voters registered at the last regular town election. Each copy of the petition shall have attached to it a copy of the proposed legislation. Said petition shall then be filed with the board of registrars of voters for certification.”

 Section 11-2-3 of the Town Charter provides as follows: “Upon presentation of the certified petition to the town council, it shall become the duly of the town council, within thirty-one days after the receipt thereof, to pass and adopt or reject such by-law or measure without alteration as to meaning or effect.”

 Section 11-2-4 provides as follows: “Should the town council reject the proposed by-law or measure, the voters of the town within twenty (20) days may petition the town council to submit the question to a vote at a special election to be held within ninety (90) days thereafter, at which the qualified voters of Southbridge shall vote on the question of adopting or rejecting the proposed legislation. Said petition must be signed by qualified voters of the town equal in number to five (5) percent of the total number of voters registered at the last regular town election. Each copy of the petition shall have attached to it a copy of the proposed legislation. Said petition shall then be filed with the board of registrars of voters for certification."

 The Council has moved to strike evidence of those earlier petitions. Because consideration of those items will not favor plaintiffs’ cause, the motion to strike is DENIED and the court will consider plaintiffs’ submissions.

 Nothing in this determination shall be construed to bar plaintiffs from circulating and submitting a petition (or petitions) which conforms to the requirements of law.