Hillman, J.
The plaintiff, Albert D. Vecchia (“Vecchia”) is a duly elected member of the Town of Southbridge’s (“town”) Town Council. He was elected from and serves Precinct 2 in the Town. He is presently the object of a recall petition in support of an election at which the voters of Precinct 2 may compel his removal from that office. He seeks injunctive and declaratory relief which would prevent the recall election from taking place. Vecchia assigns as reasons for this requested relief that the recall petition was not signed by the requisite number of registered voters; that the petition did not comply with the applicable provisions of the Town Charter (“Charter”); that the recall petition was misleading; and that the holding of the recall election on the same day as the annual town election and the use of paper ballots violates the Town Charter and statutory and constitutional standards. For the reasons set forth below the plaintiffs motion is DENIED.

BACKGROUND

On March 19, 2001 a petition signed by voters of the town was filed with the defendant, Helen I. Lenti (“Lenti”) who is the Town Clerk of Southbridge. That petition sought the recall of Vecchia from his position as a Precinct 2 Town Councillor. In accordance with the applicable provisions of the Charter and state law, Ms. Lenti forwarded the petitions to the town’s Board of Registrar of Voters (the “Board”), of which she is a member, in order to certify the signatures.[2] At some point thereafter, the Board certified that 243 registered voters from Precinct 2 had signed the petition. On the date of the last municipal election preceding the recall petition there were 9,987 registered voters in the town. In Precinct 2 there were 1,866 registered voters. The Board ruled that the signatures of 10% of the qualified voters in Precinct 2 (187 signatures), as opposed to 10% of the voters in the whole town (999 signatures), were needed in order for the petition to go forward to election. Applying this interpretation of the Charter, the Board ruled that there were a sufficient number of signatures on the recall petition to warrant an election.
The recall petition that was filed stated that its purpose was to compel a vote on the recall “by Special Election and /or Annual Election." The Charter is quite specific in requiring that any recall election be held at a special election rather than at a regularly scheduled election. On April 6, 2001 in response to timely filed objections to the recall petition, the Board held a hearing at which the above issues were discussed. After that hearing the Board ruled that the petition was in proper form and signed by the requisite number of voters. Based upon that ruling the Town Council (“Council") voted to schedule a special recall election on June 1, 2001 which is the same day as the annual town election. The Council also voted to use paper ballots for the special election, and provided notice to the Secretary of State more than thirty days before June 1, 2001.

DISCUSSION

In order to receive a preliminary injunction the plaintiff must show a substantial likelihood that he will prevail on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury to him outweighs whatever damage the proposed injunction may cause the defendants; and that the injunction issued would not adversely affect the public interest. Planned Parenthood League v. Bellotti, 641 F2d 1006, (1st Cir. 1981).
In determining whether to grant a preliminary injunction, this court considers the balancing test set forth in Packaging Industrial Group v. Cheney, 380 Mass. 609, 616-17 (1980). First, the court must evaluate “the moving party’s claim of injury and its chance of success on the merits.” If failing to issue the injunction “would subject the moving party to a substantial risk of irreparable harm, this court must then balance this risk against any similar risk of irreparable harm which granting the injunction would create for the opposing party. ” In the context of a preliminary inju notion, the only rights which may be irreparably lost are those not capable of vindication by final judgment rendered either at law or in equity. Cheney, supra at 617. Moreover, in appropriate cases, the court should also consider the risk of harm to the public interest.
It is obvious that the plaintiff stands to suffer irreparable harm if the election is allowed to be held, thus the issue for this court is whether the plaintiff has shown a substantial likelihood of success on the merits.
Number of Signatures
The town’s Home Rule Charter (“Charter”) provides the authority and procedure for the recall of elected officials within the town. Section 10-4-1 of that Charter provides that the recall petition must be signed by “. . . qualified voters of the town equal to at least ten (10) percent of the voters registered at the last municipal election ...” The plaintiff claims that the 10% figure must be 10% of all of the registered voters in the town. The defendants argue that the “pool” from which the 10% is calculated must, by necessity, be the precinct from which the plaintiff was elected.
The defendants assert that General Law chapter 53, §7 is instructive. That provision of the General Laws *333 deals with the mechanics of filling out and filing nomination papers filed by a candidate seeking to be elected to a municipal office or state wide office. That section provides in part:
... In each case the registrars shall check each name to be certified by them on the nomination papers and shall forthwith certify thereon the number of signatures so checked which are names of voters both in the city or town and in the districtfor which the nomination is made, and only names so checked shall be deemed to be the names of qualified voters for the purposes of nomination . . . (emphasis supplied).
Section 10-1-3 of the Charter also provides that “All provisions of the General Law with regard to town elections shall apply except as may herein be provided by this charter.” Further Section 10-6-1 of the Charter provides that:
Except as herein provided, the laws of the Commonwealth relating to the composition, powers, and duties of the board of registrars, the right to vote, the registration of voters, the nomination of candidates, the conduct of caucuses and election, the submission of charter amendments and other propositions, the counting of votes and declaration of results shall apply to all town elections.
Since the Charter does not address the certification of names, rules of statutory construction provide the court with guidance.
It is the duty of the courts to make every effort to give force and effect to “every word of a legislative enactment." Bartlett v. Greyhound Real Estate Fin. Co., 41 Mass.App.Ct. At 289. More generally the court must strive to construe allegedly inconsistent statutes “addressing similar subject matter . . . together (in order) to make ‘an harmonious whole consistent with the legislative purpose,’ (as well as) to avoid rendering any part of the legislation meaningless.” Healey v. Commissioner of Pub. Welfare, 414 Mass. 18, (1992). The fundamental goal is, as always, ascertaining as best the court can the express or presumed intent of the Legislature. Necessian v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 46 Mass.App.Ct. 766 (1999).
It would seem axiomatic that the voters of the precinct from which the elected official was elected and serves are the only voters who can seek his recall. To hold otherwise would lead to situations wherein the voters of other precincts could seek the recall of an elected official for whom they could not vote and whose interests the official was not elected to represent. This is not what was intended by the voters of the town when they adopted a recall provision.
Form of the Recall Petition
The plaintiff points to the recall petition which was presented to the voters for signature. That petition declares that:
THIS IS A “PETITION TO RECALL” “ALBERT D. VECCHLA, JR” — TOWN COUNCILLOR — PRECINCT 2 BY SPECIAL ELECTION AND/OR ANNUAL ELECTION
The plaintiff argues that the inclusion of the words “. . . and/or annual election” are misleading to the voters since Section 10-4-2 of the Town Charter clearly requires that the recall election be held at a special election. The plaintiffs also cite Marino v. Town Council of the Town of Southbridge, Civ. No. 00-1146B (Worcester Superior Court March 13, 2001) (Toomey, J.) (13 Mass. L. Rptr. 14), in support of their position. Neither of these are instructive. Section 10-4-2 provides:
Upon presentation of the certified petition to the town council, it shall become the duty of the town council within thirty (30) days after the receipt thereof to order a special election, which shall take place within ninety (90) days but no sooner than sixty (60) days after the original date of filing of said recall petition. No such election shall be ordered if the term of office of such elective official shall expire within one hundred twenty (120) days from the date of the original filing or if such elective officer shall resign from such office before the election. Said recall election shall be cancelled and conducted in the manner as is provided in General Laws for the call and conduct of a special election.
After review of the plaintiffs submissions and any applicable General Laws, this court is unaware of any violation of standards for calling a special election. In Marino, supra, this court (Toomey, J.) rejected a petition for special election for a ballot initiative. The petition did not contain the word election, and instead purported to gather support to act in accordance with certain sections of the Southbridge Home Rule Charter. Those sections, in turn, describe a procedure whereby initiatives are submitted to a vote of the Town Council, not a special election. Therefore, this court (Toomey, J.) found that the petition could not have been said to authorize an election.
Here, the words “Special and/or Annual Election” appear conspicuously upon the petition and do not in any way prejudice or mislead the signatories of the petition.[3] See Massachusetts Teachers’ Association v. Secretary of the Commonwealth, 384 Mass. 209, 228-29 (1981) (“fair, concise, summary" included on a petition for ballot initiative is determined in part by the likelihood that voters understood the substance of the measure). Certainly, the signatories were aware that they were showing their support for an election to be held on the recall of the plaintiff. No signatory could be understood to have relied on the representation that the recall question would be resolved at an annual election rather than special election on the basis of the indecisive conjunction, "and/or.”
*334 Conduct of the Recall Election
The plaintiff cites no persuasive authority for his proposition that regular elections and special elections “must take place on a different dates or a different time and place,” and therefore fails to meet his burden of proof. There is no authority which restricts the town from scheduling a special election on this date. The defendants have satisfied this court that the special election will be held separately, with its own check-in list, election officers, ballots, and ballot box and taking place in a separate roped-off polling area. See Memorandum in Opposition to Plaintiff s Motion for Preliminary Injunction, Exhibit E. In support of his contention that the town may not use paper ballots at the special election, the plaintiff cites G.L.c. 54, §34, which provides:
A city or town may, by vote of a majority of the city council or by vote of a majority of the board of selectmen, at a meeting held at least one hundred and twenty days before the . . . election at which voting machines are to be used, determine upon and purchase, lease, or lease with an option to purchase, one or more voting machines approved as provided in section thirty-two, and order the use thereof at... elections of state, city, or town officers in such city or town; and thereafter at all . . . elections of state, city or town, until otherwise ordered by the selectmen in a town, said machines shall be used . . . Notice of such determination to use such voting machines, or to discontinue the use thereof shall be sent to the state secretary by the city or town clerk within five days after such determination, provided, however, that no such discontinuance shall take place later than . . . thirty days prior to a city or town . . . election at which it is to become effective.
(Emphasis added.) The plaintiff does not dispute that the Town Council provided timely notice to the state secretary in full compliance with G.L.c. 54, §34. There has been no violation of that statute.
On each of its claims, the plaintiff has failed to establish a likelihood of success on the merits, precluding injunctive relief.

ORDER

For the foregoing reasons, the plaintiff s motion for preliminary injunction is DENIED.

 It is unclear whether Ms. Lenti is a member of the Board of Registrars of Voters by virtue of her position as Town Clerk or through election.

 It is undisputed that the Charter requires a special election to determine the recall of an elected official.