Troy, Paul E., J.
The Plaintiff Andrew P. Sutton (“Sutton”), filed this action against the defendants, The Premier Insurance Company of Massachusetts (“Premier”), and the Board of Appeal on Motor Vehicle Liability Policies and Bonds (“Board”), seeking judicial review of the Board’s decision upholding a surcharge imposed by Premier upon Sutton. Sutton filed a Motion for Judgment on the Pleadings. The court held a *48 hearing on the motion at which Sutton appeared through counsel and the Board waived its appearance. For the reasons discussed below, Sutton’s motion is ALLOWED and the Board’s decision is REVERSED.
BACKGROUND
The following facts are taken from the Administrative Record. On January 23, 2012 at 10:05 am, Sutton collided with another vehicle at the intersection of Sewall Avenue and St. Paul Street in Brookline, Massachusetts. Both vehicles sustained damage as a result of the accident. Sutton was cited at the scene of the accident by the Brookline Police Department for failure to yield at an intersection pursuant to G.L.c. 89, §8. Upon appeal of this citation by Sutton, the Magistrate for Civil Motor Vehicle Infractions subsequently found Sutton to be not responsible for this violation. As a result of the accident, Premier imposed a surcharge based upon its finding that Sutton had been more than 50% at fault for the accident. G.L.c. 175, §113B allows “a safe driver insurance plan to equitably reflect the driving records of insureds. The plan shall reflect an adjustment of insurance premium based on at-fault accidents and convictions of moving violations of motor vehicle laws.” 211 Code Mass. Regs. §74.04(8) creates a presumption that “(t]he operator of a vehicle subject to the Safe Driver Insurance Plan [is] more than 50% at fault when the operator fails to obey a traffic control signal or sign, or fails to proceed with due caution therefrom, and whose vehicle is thereafter in a collision with another vehicle.” The presumption of fault described in 211 Code Mass. Regs. §74.04(8) is “considered determinative unless and until the operator overcomes the presumption by producing sufficient evidence at an initial review or hearing.” 211 Code Mass. Regs. §74.03. Sutton appealed the imposition of this surcharge to the Board, and a hearing was held on July 16, 2012. At the hearing, the Board found that Sutton had failed to overcome the presumption that he was more than 50% at fault for the accident. The Administrative Record, upon which the Board made this determination, consists only of the Surcharge Notice, the Surcharge Appeal, notice of the appeal hearing, an Accident Report completed by Sutton, Traveler’s loss information sheet, the appeal hearing sheet, Sutton’s Submission of Facts and Law, and the hearing testimony of Sutton stating that he had obeyed the traffic control signal and then preceded cautiously into the intersection.
DISCUSSION
Sutton argues that based upon the evidence contained in the record, the Board erred when it found him to be more than 50% at fault for the accident, as the only evidence contained in the Administrative Record addressing fault is the evidence offered by Sutton that he obeyed the appropriate traffic control signal and then cautiously entered the intersection. Given that no contradictory evidence was offered by Premier, Sutton contends that the decision of the Board to uphold the imposition of the surcharge was not supported by substantial evidence that he was at fault for the accident. General Laws c. 30A §14(7) governs judicial review of an agency decision and provides in relevant part: “(t]he court may affirm the decision of the agency, or remand the matter for further proceeding before the agency; or the court may set aside or modify the decision, or compel any agency action unlawfully withheld or unreasonably delayed, if it determines that the substantial rights of any party may have been prejudiced by the agency decision . . . it is unsupported by substantial evidence; or . . . arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law.” The party aggrieved by an agency’s decision must demonstrate the decision’s invalidity. Coggin v. Massachusetts Parole Bd., 42 Mass.App.Ct. 584, 587 (1997); Boston v. Outdoor Advertising Bd., 41 Mass.App.Ct. 775, 782 (1996), citing Merisme v. Board of Appeals on Motor Vehicle Liab. Policies & Bonds, 27 Mass.App.Ct. 470, 474 (1989).
Substantial Evidence is “such evidence as a reasonable mind might accept as adequate to support a conclusion.” Andrews v. Civil Service Comm’n, 446 Mass. 611, 616 (2006), quoting G.L.c. 30A, §1(6). In reviewing the agency’s decision, this court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute, Iodice v. Architectural Access Bd., 424 Mass. 370, 375-76 (1997), citing G.L.c. 30A, §14(7). The reviewing court may not substitute its judgment for that of the agency. Southern Worcester County Reg’l Vocational Sch. Dist. v. Labor Relations Comm’n, 386 Mass. 414, 420-21 (1982).
Here, the Board’s decision was not based upon substantial evidence. As discussed infra, the only competent evidence contained in the Administrative Record is the testimony given by Sutton that he stopped at the stop sign of the intersection, proceeded with full caution, got three-quarters of the way through the intersection, and then a car in the other lane sideswiped him while it was traveling at an excessive speed in unfavorable weather conditions. This evidence submitted by Sutton rebutted the presumption of fault imposed by 211 Code Mass. Regs. §74.04(8), as Sutton offered evidence that he obeyed the appropriate traffic control signal and proceeded through the intersection cautiously; and Premier offered no evidence to the contrary.
Although Sutton was initially cited at the accident scene for failure to yield at an intersection, he was subsequently found not responsible for this citation in the Brookline District Court. Although the issued citation is a part of the Administrative Record, it does not contradict the evidence presented by Sutton, as case law in this state dictates that a citation given such *49 a disposition by the district court could not be considered by the Board in determining whether Sutton had violated the traffic control signal and been more than 50% at fault in the accident. Consequently, the Board had to base its decision that Sutton was at fault in the accident upon some alternative substantial evidence. Prescott v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 42 Mass.App.Ct. 36, 38 (1997).
The only alternative evidence offered by Premier to establish the fault of Sutton was a statement made by an unspecified person, presumably the driver of the other vehicle, claiming that Sutton did not stop at the stop sign before entering the intersection. Without having been duly sworn, as is required under 211 Code of Mass. Regs. §88.09(25), this statement was read at the hearing by the Premier representative from an unidentified document. No affidavit was submitted by this unspecified person or the driver of the other vehicle, and neither was present at the hearing to testify and be cross examined regarding this statement or any other details of the accident. Although the evidentiary rules observed by the courts of the Commonwealth are relaxed for hearings before the Board pursuant to 211 Code of Mass. Regs. §88.09(17), the statement read by the Premier representative during the hearing was nonetheless totem pole hearsay and thus cannot independently constitute substantial evidence that Sutton was at fault in the accident. Sinclair v. Director of Division of Employment Sec., 331 Mass. 101, 103 (1954).
The Board was thus given no evidence, appropriate for its consideration, which contradicted the evidence offered by Sutton that he had obeyed the traffic control signal, and could not be presumptively at fault for the accident. As such, the decision by the Board to allow Premier to impose a surcharge upon Sutton based on a determination that Sutton was at-fault in the accident was unsupported by substantial evidence. Having determined that the decision made by the Board in this case was unsupported by substantial evidence, this court finds that the decision was arbitrary, capricious and an error of law. Therefore, plaintiffs motion for judgment on the pleadings is allowed.
ORDER
For the reasons stated, Sutton’s Motion for Judgment on the Pleadings is ALLOWED, and the court orders entry of judgment that the Board’s decision is REVERSED.